IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.C., a minor, by Dorothy Jones, her guardian *ad litem*, and LESLIE COPLIN and RONNIE COPLIN, individually and as parents of N.C., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC.; PARKE, DAVIS & CO., a division of WARNER-LAMBERT CO., LLC; CHILDREN'S HOSPITAL & RESEARCH CENTER AT OAKLAND; AND DOES 1 through 50, inclusive, <br><br> Defendants. | No. C 12-00531 WHA <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

**INTRODUCTION**

In this pharmaceutical products-liability action, plaintiffs move to remand to the Alameda County Superior Court. For the reasons stated below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

The relevant facts are as follows. Plaintiffs are N.C., a minor, her maternal grandmother and guardian *ad litem* Dorothy Jones, and her parents, Leslie Coplin and Ronnie Coplin. Defendants are Pfizer, Inc., a Delaware corporation, Parke, Davis & Company, a division of Warner-Lambert Co., a Michigan corporation, manufacturers and sellers of the drug Dilantin, Children's Hospital & Research Center at Oakland, a California corporation, and Does 1–50, physicians and healthcare providers to minor plaintiff.

Plaintiffs seek damages for injuries sustained by minor plaintiff resulting from the use of the drug Dilantin. On August 8, 2008, minor plaintiff was administered Dilantin for seizure prevention. Six days later she was diagnosed with a rash caused by Dilantin. The use of Dilantin was terminated. The rash subsequently developed into a severe case of toxic epidermal necrolysis, which ultimately caused the multiple serious medical conditions from which minor plaintiff now suffers. These medical conditions include a severe cutaneous adverse reaction (SCAR). While undergoing treatment for SCAR, plaintiffs allege that Children's Hospital, and its staff, negligently re-administered Dilantin to minor plaintiff, despite her documented adverse reaction, causing further injury to the child.

Plaintiffs have alleged the following claims: (1) medical negligence against healthcare provider defendants; (2) strict liability in tort for failure to warn against drug manufacturing defendants; (3) strict products liability against drug manufacturing defendants; (4) negligence against drug manufacturing defendants; (5) violation of the Consumer Legal Remedies Act against drug manufacturing defendants; and (6) negligent misrepresentation against drug manufacturing defendants.

Plaintiffs' complaint was filed in the Alameda County Superior Court on February 1, 2012, and named both Children's Hospital and drug manufacturing defendants in the complaint (Dkt. No. 1 Exh. A). One day later, and before any defendant could be served, drug manufacturing defendants removed the action pursuant to 28 U.S.C. 1441(b) (Dkt. No. 1). Plaintiffs now move to remand for lack of complete diversity. This order follows full briefing and a hearing.

**ANALYSIS**

A court may remand a case to state court for lack of subject-matter jurisdiction or defects in removal procedure. 28 U.S.C. 1447(c). Diversity jurisdiction pursuant to 28 U.S.C. 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The party who sought removal in the first instance bears the burden of proof in regard to the propriety of the removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in

1    the first instance," such that courts must resolve all doubts as to removability in favor of remand.
2    *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

3        **1.**    **PLAINTIFFS' MOTION TO REMAND**.

4        Plaintiffs' state-court complaint named both Children's Hospital and the drug
5    manufacturers as defendants. Plaintiffs contend that defendant Children's Hospital is a properly
6    joined defendant pursuant to California Code of Civil Procedure Section 379, which permits
7    joinder of parties where claims are asserted against them severally and arise out of the same
8    transaction, occurrence or series of transactions. Section 379 further provides that "[i]t is not
9    necessary that each defendant be interested as to every cause of action or as to all relief prayed
10   for." Plaintiffs argue that because defendant Children's Hospital is a California corporation
11   and was properly joined, complete diversity is destroyed and this action must be remanded.

12       Drug manufacturing defendants do not dispute lack of complete diversity, but instead
13   base their opposition to remand on the following two theories: (1) this Court should adopt the
14   doctrine of procedural misjoinder as established by the Eleventh Circuit in *Tapscott v. MS*
15   *Dealer Service Corp.*, or in the alternative, (2) the forum-defendant rule was not implicated
16   because, at the time of removal, defendant Children's Hospital had not been properly joined and
17   served (Opp. 2). Each is addressed below.

18       **A.**    ***Tapscott*'s Procedural Misjoinder Doctrine.**

19       In determining diversity of citizenship for the purpose of subject-matter jurisdiction,
20   our court of appeals recognizes the doctrine of fraudulent joinder. Citizenship of fraudulently
21   joined parties must be ignored in analyzing diversity. If the plaintiff fails to state claims against
22   a resident defendant, and the failure is obvious according to the settled rules of the state, then
23   joinder of the resident defendant is fraudulent. *Morris*, 236 F.3d at 1067.

24       Drug manufacturing defendants' opposition to remand is not based on fraudulent joinder,
25   but instead, on procedural misjoinder, a doctrine that originated in the Eleventh Circuit.
26   *Tapscott v. MS Dealer Service Corp.* involved removal of a putative class action to federal court.
27   The operative complaint joined two classes of plaintiffs, both of which included Alabama
28   residents. The complaint named two classes of defendants, which included residents of Alabama

1    and residents of North Carolina. The defendant Lowes filed a motion for removal based on
2    diversity jurisdiction, and also sought to sever the claims against it from those asserted by
3    the other class against unrelated defendants. *Tapscott*, 77 F.3d 1353, 1355 (11th Cir. 1996).
4    All claims were joined pursuant to Rule 20. *Id.* at 1360. The first class consisted of claims by
5    plaintiffs who "alleged violations arising from sales of service contracts in connection with the
6    sale of automobiles, [and] the second amended complaint alleged [an additional class for]
7    violations of the Alabama Code . . . arising from the sale of 'extended service contracts' in
8    connection with the sale of retail products." *Id.* at 1355. Thus, there were two entirely separate
9    class actions being joined, whose only real connection was that both defendant classes had
10   engaged in alleged fraudulent business practices under the same Alabama statute.

11   In affirming the district court decision, the Eleventh Circuit held that the procedural
12   misjoinder exception applies "where a diverse defendant is joined with a nondiverse defendant
13   as to whom there is no joint, several or alternative liability and where the claim against the
14   diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* at
15   1360. In clarifying the rule of procedural misjoinder, the court stated "[w]e do not hold that
16   *mere* misjoinder is fraudulent joinder, but we do agree with the district court that Appellants'
17   attempt to join these parties is so *egregious* as to constitute fraudulent joinder." *Ibid.* (emphasis
18   added). Thus, in order to rise to the level of procedural misjoinder, the misjoinder must be
19   egregious.

20   The difference between procedural misjoinder doctrine and traditional fraudulent joinder
21   doctrine is that procedural misjoinder recognizes situations where plausible claims have been
22   asserted, but joinder is improper nonetheless due to a lack of some real connection between the
23   defendants. Thus, the test is whether joinder was proper at the time it was effectuated. Our
24   court of appeals has not adopted this doctrine. In an unpublished opinion, our court of appeals
25   stated that "[f]or purposes of discussion we will assume, without deciding, that this circuit would
26   accept the doctrines of fraudulent and egregious joinder" but decided nonetheless that the
27   defendants failed to meet their burden of proof in showing fraudulent joinder. *California Dump*
28   *Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001).

4

The Eighth Circuit made a similar finding in *In re Prempro Products Liability Litigation*. 591 F.3d 613, 622 (8th Cir. 2010) (holding that "[w]e make no judgment on the propriety of the doctrine in this case, and decline to either adopt or reject it at this time" but considered its application for the sake of argument nonetheless). Other district judges in our circuit have found it inapplicable. *See Watson v. Gish*, Case No. 10-03770 SBA, 2011 WL 2160924, at*4 (N.D. Cal. June 1, 2011) (Armstrong, J.) (finding that "*Tapscott* is readily distinguishable" and "the instant case does not involve two distinct classes that have 'no real connection' to each other. To the contrary, there is only one plaintiff whose claims arise from adverse reactions she suffered allegedly as a result [from] the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis"); *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, Case No. 04-03615 RMW, 2005 WL 2216950, at *6 (N.D. Cal. July 25, 2005) (Whyte, J.) (holding that "even if this court were to adopt *Tapscott*, it would not apply the fraudulent misjoinder doctrine here. The court reads *Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent"); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004) (Karlton, J.) (stating that "because there appears to be no reason to develop a fraudulent misjoinder theory, and because of the uncertainty as to how such a theory should be applied, I respectfully decline to apply it"); *but cf. Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. May 28, 2008) (Wanger, J.) (holding that "Plaintiffs' claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants in implanting a previously recalled patch"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. October 29, 2004) (Hicks, J.) (stating that "this Court agrees with the Fifth and Eleventh Circuits that the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court"). The Fifth Circuit, in less than specific terms, appears to have adopted the principle. *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002) (recognizing the "force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, [but] not reach[ing] its application").

5

Assuming arguendo that this order were to adopt *Tapscott*, it finds nonetheless that it would be inapplicable to the case at hand as joinder in this instance in no way approaches a level of egregiousness as to constitute fraud. Here, and unlike in *Tapscott*, there is only one set of plaintiffs, not two separate classes of plaintiffs. The same set of plaintiffs have asserted claims against all defendants. Drug manufacturing defendants' argument that there is no real connection between claims because certain claims are based on theories of strict liability and negligence for the manufacture of the drug, and others are based on theories of negligent administration of the drug, is unpersuasive. While it is true the claims for relief differ, it cannot be said that there is "no real connection" between the claims asserted against defendants. The claims for relief asserted against all defendants are premised on the harmful effects produced by the drug Dilantin. In addition, and unlike the joined parties in *Tapscott*, defendants in the instant action were not joined pursuant to Rule 20, but instead were both named plaintiffs' state-court complaint. Finally, all the asserted claims arise from the occurrences that took place in August 2011. At the hearing, the issue was raised by the undersigned as to whether it would be permissible in this instance to call joinder "fraudulent". Defense counsel replied that "fraudulent", as applied here, is a term of art, with no clear definition. Not so. *Tapscott* stated in the clearest of terms that *mere* misjoinder is not fraudulent, but instead, joinder must be *egregious* in order to constitute fraud. *Tapscott*, 77 F.3d at 1360. This is simply not such a case.

In light of this reasoning, drug manufacturing defendants have failed to show that complete diversity existed at the time of removal, and accordingly, they have not carried their burden in showing that removal was proper. The better approach at this time is for defendants to challenge joinder in state court.

### B. Non-Service of a Named Forum Defendant Does Not Defeat Diversity.

Drug manufacturing defendants further argue that remand is improper because at the time of removal, defendant Children's Hospital had not been properly joined and served. Defendants' argument appears to be based on two distinct theories. The first is that 28 U.S.C. 1441's requirement that "[a] civil action otherwise removable solely on the basis of the

6

jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought" has not been satisfied because Children's Hospital was not properly joined due to alleged misjoinder in state court (Opp. 8) (emphasis added). For the reasons stated above, this order rejects the argument that the parties were procedurally misjoined.

Defendants' other argument relates to whether Children's Hospital was properly served at the time removal was sought (Opp. 7–8). This order would like to make clear that at the time of removal, *no* defendant had actually been served. In fact, it had barely been a full 24 hours before defendants made a voluntary appearance and sought removal to federal court. Surely the purpose of the forum-defendant rule is not to reward the surreptitious monitoring of the filing of complaints and subsequent race to the courthouse. In any event, it has been the law in this circuit for many years that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). For this reason, defendants' argument fails.

## CONCLUSION

For the foregoing reasons, this order finds that drug manufacturing defendants' removal was improper for lack of complete diversity. Accordingly, plaintiffs' motion to remand is **GRANTED**. The Clerk shall remand this action to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: March 26, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7